# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-343V
**Filed: March 15, 2019**
UNPUBLISHED

|  |  |
|---|---|
| HEATHER GILLOTTI,<br><br>                 Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Special Processing Unit (SPU); Ruling on Entitlement; Causation-In-Fact; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On March 16, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries as a result of her September 30, 2014 influenza ("flu") vaccination. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 14, 2019, respondent filed his Rule 4(c) report in which he requests a ruling on the record. Respondent's Rule 4(c) Report at 1. Specifically, respondent indicated that "while preserving his right to appeal the Chief Special Master's October 3, 2018 finding that the onset of petitioner's shoulder injury occurred within 48 hours of vaccination, respondent accepts this ruling as the law of the case for purposes of further

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proceedings before the Chief Special Master." Additionally, respondent noted that "[a]lthough the revised Table only governs petitions filed on or after the effective date of the final rule, in light of the Chief Special Master's fact ruling, and the medical record evidence submitted in this case, DICP has concluded that petitioner suffered SIRVA as currently defined by the Vaccine Injury Table and recognizes that petitioner may re-file this petition and be afforded a presumption of causation under the revised Table." *Id.* at 7. Respondent further agrees that petitioner suffered residual effects of her condition for more than six months. "Therefore, based on the record as it now stands and subject to his right to appeal the Ruling of Facts, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the [Vaccine] Act". *Id.* at 8.

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**


**IT IS SO ORDERED.**


<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master